1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

12

13

14

15

16

17

18

PRECOR INCORPORATED, a Delaware
corporation; and LARRY D. MILLER, an
individual,

                    Plaintiffs,

        v.

FITNESS QUEST, INC., a Delaware
corporation; and NEW BALANCE
ATHLETIC SHOE, INC., a Massachusetts
corporation,

                    Defendants.

Case No. C05-0993L

ORDER DENYING MOTION FOR
LEAVE TO AMEND COMPLAINT

19

## I.  INTRODUCTION

20

        This matter comes before the Court on "Plaintiffs' Motion for Leave to File Second

21

Amended Complaint."  (Dkt. #98).  Plaintiffs seek leave under Federal Rule of Civil Procedure

22

15(a) to amend their complaint to add three additional allegedly infringing elliptical models

23

produced by defendants: the Fitness Quest Edge 299e Elliptical Trainer, the Fitness Quest

24

1100HR/A Elliptical Trainer and the New Balance 5.5 Elliptical Trainer.  Defendants argue that

25

plaintiffs have failed to show good cause to justify an amendment to the complaint at this stage

26

ORDER DENYING MOTION FOR
LEAVE TO AMEND COMPLAINT - 1

1  in the litigation.  For the reasons discussed below, the Court denies plaintiffs' motion for leave

2  to amend.

## II. DISCUSSION

4       Plaintiffs filed their infringement action on June 1, 2005.  On September 16, 2005, the

5  Court entered a scheduling order setting November 15, 2005 as the deadline for amending

6  pleadings and indicating that "[b]y the time the Joint Claim Chart for each patent is filed, all

7  allegations of infringement must be revealed and the Court will not consider new allegations of

8  infringement without asserting party showing good cause."  Minute Order Setting Trial Date &

9  Related Dates at p. 4  (Dkt. #12).  The deadline for parties to submit the Joint Claim Chart was

10 May 5, 2006.  Plaintiffs filed this motion almost six months later.

11      In arguing for leave to amend, plaintiffs focus on the liberal amendment policy of Federal

12 Rule of Civil Procedure 15(a).  While it is true that there is a "strong policy in favor of allowing

13 amendment" under Rule 15(a), Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994), that

14 standard is not the applicable one here.  Once a court has entered a pretrial scheduling order

15 establishing a timetable for the amendment of pleadings, Federal Rule of Civil Procedure 16(b),

16 not Rule 15(a), governs.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir.

17 1992); see also Optivus Tech., Inc. v. Ion Beam Applications S.A., 469 F.3d 978, 992-93 (Fed.

18 Cir. 2006).  Under Rule 16(b), a plaintiff must show good cause for failing to amend the

19 complaint before the deadline specified in the scheduling order.  Id.  Unlike Rule 15(a)'s more

20 liberal standard that looks primarily to the bad faith of the moving party and the prejudice to the

21 opposing party, "[t]his standard 'primarily considers the diligence of the party seeking the

22 amendment.'"  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) (quoting

23 Johnson, 975 F.2d at 609).  While prejudice to the party opposing the modification might

24 provide additional reasons for denying the motion, it is not required to deny a motion to amend

25 under Rule 16(b)).  Id. at 1295.

26

ORDER DENYING MOTION FOR
LEAVE TO AMEND COMPLAINT - 2

1    Plaintiffs argue that there is good cause to amend because the failure to identify the new

2    devices prior to the submission of the Joint Claim Chart was due to defendants' "repeated failure

3    to disclose all of its elliptical trainers" in response to plaintiffs' interrogatories.  Reply at pp. 2-

4    4.  Plaintiffs argue that without such disclosures, "it is impossible to know the identity of all of

5    Defendants' potentially infringing products from publicly available sources."  Reply at 3.

6    The Court cannot attribute plaintiffs' failure to amend its complaint in a timely fashion to

7    either defendants' interrogatory responses or the difficulty of identifying defendants' potentially

8    infringing products from publicly available sources.  It is beyond dispute that plaintiffs were

9    aware, or should have been aware, of the existence of all the models they now seek to add to

10   their complaint well before the May 5, 2006 deadline.  Defendants specifically identified all of

11   the devices in question in a December 5, 2005 declaration in support of their opposition to

12   plaintiffs' motion for a preliminary injunction:

13       8.   Fitness Quest currently markets and sells a number of rear drive and
     front drive elliptical trainers, most of which are not alleged to infringe U.S.

14   Patent No. 5,383,829 ("the '829 patent").  For example, the ***ECLIPSE
     TRAINER® 1100HR*** elliptical trainer, the ***ECLIPSE TRAINER®***

15   ***1100HRA*** elliptical trainer, and the ***EDGE® 299e*** elliptical trainer are all
     rear drive elliptical trainers (see Exhibits A, B, C) that are not charged as

16   infringements by plaintiffs Precor Incorporated ("Precor") and Larry D.
     Miller ("Miller")

17
         14.   The NEW BALANCE elliptical trainers being promoted and sold are

18   both rear drive and front drive units.  The front drive units, the NEW
     BALANCE® 9.0e, 9.5e and 950 (see Exhibits F, G, H), are made and sold

19   under a license from Robert E. Rodgers, Jr. under U.S. Patent No.
     5,938,567.  Plaintiffs Precor and Miller do not allege that these front drive

20   unites are infringements of the '829 patent.  Similarly, plaintiffs Precor and
     Miller do not allege infringement of a rear drive unit, namely the ***NEW***

21   ***BALANCE® 5.5*** (See Exhibit I).

22   Declaration of Michael Clark in Support of Opposition to Plaintiffs' Motion for Preliminary

23   Injunction at ¶¶ 8, 14 (Dkt. #46) ("Clark Decl.") (emphasis added).  As exhibits to the

24   declaration, defendants also provided hard copies of the Internet pages where these devices were

25

26

offered for sale.[1]  Clark Decl. at Exs. A-C, I.   The Court then specifically referenced all of the devices, with the exception of the New Balance 5.5 Elliptical Trainer, in its February 2, 2006 Order:

> This assertion is undermined by the reality of Fitness Quest's product line, which features several elliptical machines not subject to the instant motion or suit, and apparently not infringing the patent.  For example, Fitness Quest sells the Eclipse 1100HR Elliptical Trainer (for $399.99), Eclipse 1100HRA Elliptical Trainer (for $449.99), and the Edge 299e Elliptical Trainer (for $299.99).

Order on Motion for Preliminary Injunction at p. 8 (Dkt. #60).

If plaintiffs were interested in investigating the existence of potentially infringing devices other than those specifically identified in their original complaint, they need not have looked too far to find the devices now in question.  Even if they had not thought to look on defendants' website, they would have discovered the existence of these devices by reading either defendants' opposition to their motion for a preliminary injunction or the Court's February 2, 2006 Order. In fact, without any assistance or guidance from defendants, plaintiffs eventually located and purchased these devices from defendants' website, but sought to do so only after the Court's Markman Order was issued.  In other words, the evidence makes it clear that plaintiffs were not dependent on defendants in locating these devices in a timely fashion.  If plaintiff had investigated their claims in a timely fashion they would have been able to amend their complaint well before the May 5, 2006 deadline.  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Johnson, 975 F.2d at 609.  Plaintiffs' failure to establish the required diligence ends the Courts inquiry.[2]  See Coleman, 232 F.3d at

---

[1] The Court was recently able to access the same Internet pages using the addresses contained in the footer of these documents.

[2] Though a finding of prejudice is not required under Rule 16(b), the Court notes that the prejudice that would result from allowing plaintiff to add three new allegedly infringing models at this late stage of discovery, after the issuance of the Court's Markman Opinion, also weighs in favor of denying plaintiffs' motion.  See Coleman, 232 F.3d at 1295

1295.

### III.  CONCLUSION

For all the foregoing reasons, plaintiffs' motion for leave to file a second amended complaint is DENIED.  (Dkt. #98).


DATED this 12th day of January, 2007.


*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
LEAVE TO AMEND COMPLAINT - 5